**UNITED STATES DISTRICT COURT**
**EASTERN DISTRCICT OF TEXAS**

| | |
|---|---|
| **Heidi Krum**, | |
| Plaintiff, | Case No. |
| v. | |
| **Credit Control Corporation,** | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

**Heidi Krum** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Credit Control Corporation** (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1962o (FDCPA) and the Telephone Consumer Protection Act, ("TCPA"), 47 U.S.C. § 227, *et seq.*, and the Texas Business and Commerce Code Section 305.053.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the FDCPA claims in this action under 15 U.S.C. § 1692k(d), which states that FDCPA actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Supplemental jurisdiction for Plaintiff's related state law claims arises under 28 U.S.C. §1367.

4. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Texas and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Texas.

5. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Gladewater, Texas 75647.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Plaintiff is a "person" with standing to bring this action pursuant to 37 U.S.C. §152(39)

9. Defendant is a debt collection agency with principal place of business, head office, or otherwise valid mailing address at 11821 Rock Landing Road, Mobjack Building, Newport News, Virginia 23606.

10. Defendant contracts with clients to contact persons who owe debts to those clients via telephone, the U.S. Mail, and/or the Internet in an attempt to solicit or encourage those persons to remit monies to Defendant or its clients in satisfaction of those debts.

11. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

14. Plaintiff has a cellular telephone number.

15. Plaintiff has only used this number as a cellular telephone.

16. Defendant placed repeated harassing telephone calls to Plaintiff on her cellular telephone to collect an alleged consumer debt.

17. Plaintiff does not own or operate a business or other commercial enterprise and thus cannot owe any business or commercial debts.

18. Because Plaintiff cannot owe any business or commercial debts, the debt must have arisen from a transaction primarily for personal, household, or family purposes.

19. Shortly after the calls began, Plaintiff first told defendant to stop calling, revoking any consent Defendant may have had or thought it had to call.

20. Once Defendant knew its calls were unwanted and to stop calling, all further calls could have only been made solely for purposes of harassment.

21. Despite Plaintiff's clear demand to refrain from contacting her, Defendant persisted in calling Plaintiff for several months thereafter.

22. During this time, Defendant placed calls to Plaintiff using an automated telephone dialing system and/or pre-recorded voice.

23. Plaintiff knew Defendant was calling her using an automated telephone dialing system and/or pre-recorded voice as calls began with a noticeable pause or delay before a live collector came on the telephone.

24. Defendant's calls were not placed for emergency purposes, but rather to collect a debt.

25. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

26. Defendant's actions as described herein were taken with the intent to harass, upset and coerce Plaintiff to pay the alleged debt.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d AND 1692d(5) OF THE FDCPA

27. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

29. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

30. Defendant violated both Sections 1692d and 1692d(5) of the FDCPA when it placed repeated harassing telephone calls to Plaintiff and continued calling Plaintiff after it knew its calls were unwanted.

## COUNT III
## DEFENDANT VIOLATED THE TCPA

33. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

31. Defendant initiated multiple telephone calls to Plaintiff's cellular telephone using an automatic or "predictive" dialing system.

32. Defendant's calls to Plaintiff were not made for emergency purposes.

33. Plaintiff verbally revoked any prior consent she may have given to Defendant to call his cellular telephone.

34. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

35. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

36. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT III
## TEXAS BUSINESS AND COMMERCE CODE SECTION 305 CIVIL CAUSE OF ACTION FOR VIOLATIONS OF THE TCPA BY USING AN AUTOMATED DIALER

37. Plaintiff incorporates the foregoing paragraphs as though the same were set forth therein.

38. The conduct of Defendant in causing repeated telephone calls to be made by an automatic telephone dialing system to the cell phone number of Plaintiff constitutes multiple violations of the TCPA.

39. These violations create a private cause of action under Texas law for civil liability that is properly enforced as a State cause of action under Section 305.053 of the Texas Business and Commerce Code.

40. As a result of the above violations of the Texas Business and Commerce Code, Plaintiff has suffered the losses and damages as set forth above, entitling Plaintiff to an award of statutory damages.

**Wherefore**, Plaintiff, **Heidi Krum**, respectfully prays for judgment as follows:

a. All actual damages Plaintiff suffered (as provided in 15 U.S.C. § 1692k(a)(1));

b. Statutory damages of $1,000 for the violation of the FDCPA (as provided under 15 U.S.C. § 1692k(a)(2)(A))

c. All reasonable attorneys' fees, witness fees, court costs, and other litigation costs (as provided under 15 U.S.C. § 1693k(a)(3));

d. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A) and the Texas Business and Commerce Code §305.053(b)(2);

e. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B) and the Texas Business and Commerce Code §305.053(b)(1);

f. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3) and the Texas Business and Commerce Code §305.053(c)(1);

g. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3) and the Texas Business and Commerce Code §305.053(a)(1); and

h. Any other relief this Honorable Court deems appropriate.

### DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Heidi Krum**, demands a jury trial in this case.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: 4/30/2020 | By: *s/ Amy L. Bennecoff Ginsburg*<br>Amy L. Bennecoff Ginsburg, Esq.<br>Kimmel & Silverman, P.C.<br>30 East Butler Pike<br>Ambler, PA 19002<br>Phone: 215-540-8888<br>Facsimile: 877-788-2864<br>Email: aginsburg@creditlaw.com |